# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TOMMY GIOELE (#704744)**            **CIVIL ACTION**

**VERSUS**            **NO. 19-44-JWD-RLB**

**JASON KENT, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 9, 2019.

                                     **RICHARD L. BOURGEOIS, JR.**
                                     **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TOMMY GIOELE (#704744)                     CIVIL ACTION

VERSUS                                     NO. 19-44-JWD-RLB

JASON KENT, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed an opposition to the petitioner's application. *See* R. Doc. 14. There is no need for oral argument or for an evidentiary hearing.

On January 22, 2019, the *pro se* petitioner, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his 2015 criminal conviction and sentence pursuant to a guilty plea entered in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, on two counts of solicitation for murder. The petitioner asserts that he was provided with ineffective assistance of counsel, illegal wiretap evidence was used against him, he was entrapped, and there was duplicitous charging in the bill of information.

**Procedural History**

On October 19, 2015, the petitioner pled guilty of two counts of solicitation for murder and was sentenced to 20 years, with 10 years of the sentence suspended. On November 16, 2016, the petitioner filed an application for post-conviction relief ("PCR"). The trial court denied the petitioner's PCR application on January 5, 2017. The petitioner sought further review which was denied by the Louisiana First Circuit Court of Appeal on March 20, 2017. The

petitioner subsequently filed an application for a supervisory writ with the Louisiana Supreme Court, which was denied on August 3, 2018. On January 22, 2019, the petitioner filed the present application.

## Applicable Law and Analysis

As set forth below, this Court concludes, as asserted by the State of Louisiana, that the petitioner's application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, the petitioner was sentenced on October 19, 2015. Because the petitioner did not appeal or seek reconsideration of his sentence, the judgment became final on November 18, 2015, upon the passage of the time allowed for him to pursue an appeal (30 days after his sentencing).[1] Thereafter, approximately 364 days elapsed before the petitioner filed his PCR application on November 16, 2016. The Louisiana First Circuit Court of Appeal denied his writ application on March 20, 2017.

The petitioner filed an application for supervisory writs with the Louisiana Supreme Court, which was denied on August 3, 2018.[2] Approximately 172 days passed between the denial of petitioner's writ application by the Louisiana Supreme Court and the filing of the instant petition on January 22, 2019. This results in an additional 172 days of un-tolled time during which the petitioner did not have any properly filed application for post-conviction or other collateral relief pending before the state courts.

Accordingly, inasmuch as the petitioner's conviction and sentence became final 30 days after entry of same without reconsideration or appeal, on November 18, 2015, the one-year limitations period for filing a federal habeas corpus application began to run on that date. Approximately 364 days passed between the time the petitioner's conviction became final and the filing of the petitioner's PCR application in the state trial court. Thereafter, 172 days elapsed between the denial of the petitioner's writ application by the Louisiana Supreme Court and the

---

[1] *See Williams v. Louisiana,* Civ. No. 10-1521, 2011 WL 1527219 (E. D. La. Mar. 28, 2011) (report and recommendation adopted, 2011 WL 1527027), *citing Roberts v. Cockrell,* 319 F.3d 690, 694–95 (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); Louisiana Code of Criminal Procedure article 914 provides, in pertinent part, that a motion for an appeal must be made no later than 30 days after the rendition of the judgment or ruling from which the appeal is taken.

[2] The state argues that Petitioner's application to the Louisiana Supreme Court was untimely. Petitioner's application with the Louisiana Supreme Court is not in the record. The ruling, which is in the record, was made specifically on substantive grounds, indicating that the Louisiana Supreme Court considered the application as timely. In any event, Petitioner's habeas petition is untimely.

filing of the instant petition on January 22, 2019. This resulted in 536 days of un-tolled time. Accordingly, more than a year elapsed during which the petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, and the petitioner's application is untimely.

Having found the petitioner's application to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B)—because there was a state-created impediment to timely filing—or that he is entitled to equitable tolling. To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), the petitioner must show that he was prevented from filing a petition by a state-created impediment in violation of the Constitution or federal law. *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003). The petitioner has made no such showing in this case. Accordingly, there is no suggestion in the record that the petitioner is entitled to statutory tolling.

Nor is there any basis in the record for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way. *Pace v. DiGuglielmo, supra,* 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker,* 439 F. App'x. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director,* 2010 WL 774986, *4 (E.D. Tex. 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

The circumstances of this case are not "extraordinary" such that equitably tolling can be applied. The petitioner in the instant matter has demonstrated no such diligence and alacrity. Approximately 364 days passed between the time the petitioner's conviction became final and the filing of the petitioner's PCR application in the state trial court. Petitioner waited an additional 172 days after the Louisiana Supreme Court denied his writ application before filing the instant petition. As such, the petitioner did not diligently pursue his rights, nor was he prevented from doing so in some extraordinary manner. Accordingly, the petitioner's application should be denied as untimely.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §

2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## **RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice, as untimely. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on July 9, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**